IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| NATHANIEL KEITH SINGLETON, § | |
| § | |
| V. § | CIVIL ACTION NO. G-03-157 |
| § | |
| SGT. TAYLOR § | |

### REPORT AND RECOMMENDATION

Plaintiff Nathaniel Keith Singleton brought this complaint pursuant to 42 U.S.C. § 1983 against Sergeant Taylor, alleging excessive use of force during his imprisonment in the Texas Department of Criminal Justice-Institutions Division. Singleton is no longer incarcerated. Currently pending before the Court is Defendant's Motion for Summary Judgment, to which Singleton has filed a response. Having considered all motions, evidence and applicable law, this Court makes the following recommendation to the District Court.

Under Rule 56(c) of the Federal Rules of Civil Procedure, the moving party in a summary judgment action "bears the initial responsibility of informing the District Court of the basis for its motion, and identifying those portions of the pleadings, interrogatories, and admissions on file, together with the affidavit(s), if any, which are believed to demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant makes this showing, the burden shifts to the non-movant to show that summary judgment is not appropriate. *Id*. at 325. This burden is not satisfied by some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence. *Little v. Liquid Air Corp*. 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, the non-moving party must come

forward with competent summary judgment evidence showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e).

Plaintiff Singleton alleges that Defendant Taylor violated his constitutional rights on February 24, 2003, when Taylor allegedly entered his cell and attempted to kill him by use of chemical agents, by physically assaulting him and by slamming him to the floor. Singleton also alleges that Taylor tried to jab his left eye out, broke his ankle, and caused him to suffer broken ribs, possible broken fingers and swallowing difficulties. He asserts that he was examined in his cell after the attack, at different times, by nurses Garcia and Woods, in the infirmary by Dr. Okoye, and was prescribed ibuprofen for pain.

In his Motion for Summary Judgment, Taylor asserts that on February 24, 2003, at approximately 2:00 p.m., Singleton refused to move from his cell in H-3-03 to special cell restriction in E-1-14. Because of his refusal and numerous previous refusals to move, Taylor was instructed by Lt. Bennett to assemble a five-man extraction team, which included officers Moffet, Cooper, Mingo, Nix and Springfield. Also present were nurse Garcia and officer Bailey, who operated the video camera during the entire incident. At approximately 7:00 p.m. on February 24, 2003, Taylor ordered Singleton to stand against the back of his cell so that he could be handcuffed to be moved to another cell. Singleton refused and was warned by Taylor that if he refused again, he would be subjected to chemical agents. Taylor again ordered Singleton to stand at the back of his cell and he again refused; therefore, as warned, Taylor sprayed one burst of a chemical agent, Deep Punch, into the cell. Singleton was again ordered to move back to be handcuffed, refused to do so, and Taylor sprayed a second shot of Deep Punch. The Deep Punch spray had no effect on Singleton; therefore, Taylor ordered the 5-man extraction team to enter his cell and place him in restraints so that he could be physically removed. Singleton's head and arms were secured by three of the officers and

handcuffs were secured. At the same time, leg restraints were secured by a fourth officer and Singleton ceased resisting. He was escorted to his new cell and examined by nurse Garcia, who had been present during the restraint. Singleton refused an offer to fill out a use of force report; his handcuffs were then removed. At no time did Taylor ever enter Singleton's cell or touch him. The facts as alleged by Taylor are evidenced by a videotape of the entire incident, and attested to by investigating officer Mike Autrey and by the sworn affidavit of Chris Stallings, Chief Inspector of the Office of the Inspector General.[1]

Singleton's version of the events that transpired in his cell on February 24, 2003 varies significantly from the Defendant's; however, the evidence reveals Singleton's allegations to be wholly unsubstantiated. The actions taken by Taylor consisted only of his spraying two blasts of Deep Punch into Plaintiff's cell after he repeatedly refused to comply with orders to be moved[2] (the second blast being necessitated only by Singleton's repeated refusal to comply with the order). After the second blast of Deep Punch failed to render Singleton's compliance, Taylor ordered the extraction team to place him in restraints so that he could be moved. According to the videotape, interviews with all members present at Singleton's cell, and two witnesses, none of Singleton's allegations regarding an excessive use of force were substantiated, not only as to Defendant Taylor but as to any prison official present during the restraint. In addition, medical records show that on the day of the incident, Plaintiff was examined twice, complaining of pain in his left eye, left face and ribs. Two days later, medical records show that Plaintiff was examined in the infirmary and exhibited a reddened sclera, but showed no evidence of bruising or tenderness to his ribs or face.

Taylor asserts in his Motion for Summary Judgment that he is entitled to judgment as a

---

[1] Exhibit A

[2] Exhibit A

matter of law as Singleton suffered no violation of his constitutional rights under the Eighth Amendment. Taylor also claims entitlement to qualified immunity, and this Court concurs.

Under the Eighth Amendment, a correctional officer's use of excessive force against a prisoner may constitute cruel and unusual punishment. *Hudson v. McMillian*, 503 U.S. 1 (1992). The Fifth Circuit has instructed the courts in this circuit to consider five factors in analyzing excessive use of force claims: (1) "the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the responsible officials, and (5) any efforts made to temper the severity of a forceful response." *Hudson v. McMillian*, 962 F.2d 522, 523 (5th Cir. 1992).

Given the facts as pleaded and the videotaped evidence, it appears clear to the Court that the incident of which Singleton complains was necessitated by his own actions and did not occur in the manner alleged. Moreover, any injury suffered by Singleton appears to have been *de minimis,* at most. To support an Eighth Amendment excessive force claim, a prisoner must have suffered from excessive force a more than *de minimis* physical injury, but there is no categorical requirement that the physical injury be significant, serious, or more than minor." *Gomez v. Chandler*, 163 F.3d 921, 924 (5th Cir. 1999). This Court is of the opinion that under applicable case law, Singleton suffered no constitutional violation, and Taylor is entitled to dismissal on that basis. *See Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995).

Accordingly, for the foregoing reasons, it is the **RECOMMENDATION** of this Court that Defendant's Motion for Summary Judgment (Instrument no. 31) be **GRANTED and the instant complaint be DISMISSED with prejudice as frivolous.**

The Clerk shall send a copy of this Report and Recommendation to the Plaintiff, who shall have until **February 7, 2007**, in which to have written objections physically on file in the

Office of the Clerk.  <u>The objections shall be mailed to the Clerk's Office in Galveston, Texas 77553 at  P.O. Drawer 2300</u>.  Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge", which will then be forwarded to the District Judge for consideration.  Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

    **DONE** at Galveston, Texas, this the ___19th___ day of January, 2007.

                                                        John R. Froeschner
                                                        United States Magistrate Judge